IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SMITH, | : | |
| Plaintiff, | : | 1:14-cv-2080 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| ANDREW KALE, | : | |
| Defendant. | : | |

## MEMORANDUM

### September 23, 2015

Plaintiff, Michael Smith ("Smith"), an inmate who, at all times relevant, was incarcerated at the Dauphin County Prison ("DCP"), Harrisburg, Pennsylvania, commenced this civil rights action on October 29, 2014, naming Corrections Officer Andrew Kale ("Kale") as the sole defendant. (Doc. 1). Smith alleges that "Officer Kale violated [his] 8th Amendment right to be free of cruel and unusual punishment and acted with deliberate indifference to [his] medical needs." (*Id.* at 3). Presently pending is Defendant's motion (Doc. 23) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted.

### I. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss generally "relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; FED. R. CIV. P. 8(a)(2).

## II. ALLEGATIONS OF THE COMPLAINT

Smith alleges that on June 23, 2014, while he was housed at the DCP, the computerized toilets on L block began to "stop up and flush automatically," causing every cell on the block to be flooded with raw sewage. (Doc. 1, p. 2). He alleges that Defendant Kale denied his request to use the day room toilet, which forced him to defecate on the floor of his cell. (*Id.* at 3). He was locked in the flooded cell for seven hours during which time he was allegedly denied a shower, clean uniform, and supplies to clean his cell. (*Id.*)

He also alleges that he slipped on the wet floor of his cell and hit the side of his head on the sink. (*Id.*) He "received no medical attention although [he] expirenced [sic] symptoms of a concussion. The stench of the raw sewage made [him] nauseated and [he] vomitted [sic] twice." (*Id.*)

Allegedly, after several inmates complained about the unsanitary conditions, Defendant Kale announced "this is your punishment" and "the evening recreation period has been cancelled." (*Id.*)

He alleges that he "suffered mental and physical pain and was denied

3

medical attention." (*Id.*) He seeks compensatory and punitive damages.

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"The Cruel and Unusual Punishments Clause of the Eighth Amendment proscribes 'punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society.' " *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 417 (3d Cir. 2000) (footnote omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). In order to establish an Eighth

Amendment claim, a plaintiff must first prove "a sufficiently serious objective deprivation." *Tillman*, 221 F.3d at 418. This objective component is narrowly defined. Although the Eighth Amendment does impose a duty on prison officials to provide humane living conditions within the prison, it does not mandate that prisons be free of discomfort. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Hudson v. Palmer*, 468 U.S. 517, 526–7 (1984). Only "extreme deprivations," those deprivations denying the "minimal civilized measure of life's necessities," including food, shelter, water, safety, sanitary conditions, and medical treatment, qualify as sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian,* 503 U.S. at 9; *Rhodes*, 452 U.S. at 346.

A. Unsanitary Conditions of Confinement

Although it appears that Smith was unfortunately deprived of basic necessities, including water and sanitary conditions, for a short period he has not, and cannot, allege an excessive risk to his safety, or that the unsanitary condition jeopardized his health, or that he suffered substantial injury as a result of the deprivation, as required by *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Tinsley v. Vaughn*, No. 90–0113, 1991 WL 95323, at *6 (E.D.Pa. May 29, 1991). While the lack of access to a lavatory can offend the Eighth Amendment if it is particularly dehumanizing, results in unsanitary conditions, or endangers the health

5

of the prisoner, *see Young v. Quinlan*, 960 F.2d 351, 365 (3d Cir.1992), temporary inconvenience and any discomfort incident thereto, as is the case here, cannot be regarded as a basis for a constitutional violation. *Ford v. Bd. of Managers of New Jersey State Prison*, 407 F.2d 937, 940 (3d Cir. 1969).

Moreover, in assessing a claim of cruel and unusual punishment, a court must bear in mind that "a prison's internal security is peculiarly a matter [for] the discretion of prison administrators." *Whitley v. Albers*, 475 U.S. 312, 321(1986) (quoting *Rhodes*, 452 U.S. at 349 n. 14). Prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). As a general rule, judges should not second guess decisions made by prison administrators faced with disturbances or other emergencies affecting prison security. *Whitley*, 475 U.S. at 322. All indications are the Defendant Kale was addressing an emergency flooding situation that precipitated the temporary condition and called for steps to be taken to restore internal order to the institution. It is beyond the scope of the judiciary to judge the discretionary actions of prison officials in dealing with an emergency. *Bell*, 441 U.S. at 547.

Based on the above, Smith's Eighth Amendment unsanitary conditions of

confinement claim is subject to dismissal.

>B. Denial of Medical Care

For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987), the court identified instances of deliberate indifference as follows:

> Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate "to undue suffering or the threat of tangible residual injury," *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir.1976) (cited with approval in Estelle, 429 U.S. at 105 n. 11, 97 S.Ct. at 291 n. 11), deliberate indifference is manifest. Similarly, where "knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care," *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir. 1985), the deliberate indifference standard has been met. *See Robinson v. Moreland*, 655 F.2d 887, 889–90 (8th Cir.1981) (jury could properly conclude that provision of ice-pack for inmate's fractured hand constituted deliberate indifference where prison guard knew medical care was needed). Short of absolute denial, "if necessary medical treatment [i]s . . . delayed for non-medical reasons, a case of deliberate indifference has been made out." *Ancata*, 769 F.2d

> at 704; accord *Archer v. Dutcher*, 733 F.2d 14 (2d Cir. 1984) (allegation that emergency medical care to pregnant inmate was delayed in order to make her suffer states a claim of deliberate indifference under *Estelle* ). Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that "result[ ] in interminable delays and outright denials of medical care to suffering inmates." *Todaro v. Ward*, 565 F.2d 48, 53 (2d Cir. 1977).

*Lanzaro*, 834 F.2d at 346-47.  Smith alleges that he "slipped on the wet floor of my cell and hit the side of my head on the sink.  I received no medical attention although I expirenced [sic] symptoms of a concussion." (Doc. 1, p. 2).  "Officer Kale violated my 8th Amendment right to be free of cruel and unusual punishment and acted with deliberate indifference to my medical needs.  I suffered mental and physical pain and was denied medical attention." (Doc. 1, p. 2).  Such allegations, liberally construed in favor of Smith, are sufficient to satisfy the deliberate indifference prong.

However, Smith cannot satisfy the serious medical need prong.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. at 9.  A medical need is "serious," if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Pace v. Fauver*, 479 F. Supp.

456, 458 (D.N.J. 1979). Also, if "unnecessary and wanton infliction of pain," *Estelle*, 429 U.S. at 103, results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment. *See id.* at 105. In addition, where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious. *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir.2003); *Lanzaro*, 834 F.2d at 346-47.

Smith alleges that he hit his head and "expirenced [sic] symptoms of a concussion." (Doc. 1, p. 2). He did not suffer from a condition that was diagnosed by a physician as requiring treatment or one that was so obvious that a lay person would easily recognize the necessity for a doctor's attention. He did not suffer any unnecessary or wanton infliction of pain. Although he alleges that he suffered from nausea and vomiting, he indicates that these reactions were due to the stench of the raw sewage, not because he hit his head and not because he was denied medical care. (Doc. 1, p. 2). Nor does he allege that the denial of medical treatment caused him to suffer a life-long handicap or permanent loss. Because he fails to allege that he was denied medical attention for a serious medical need, Smith's Eighth Amendment inadequate medical care claim is subject to dismissal.

**IV. LEAVE TO AMEND**

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Smith, even after *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). The legal and factual deficiencies in Smith's complaint render the pleading incurable. Therefore, affording him leave to amend would be futile.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion (Doc. 23) to dismiss will be granted.

A separate order will enter.